JOURNAL ENTRY and OPINION
Defendant-appellant Leonard Goldsmith appeals from the common pleas court judgment convicting him of receiving stolen property in violation of R.C. 2913.51. Appellant's single assignment of error asserts that:
 THE DEFENDANT-APPELLANT WAS DENIED HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS OF LAW WHEN HE WAS CONVICTED OF RECEIVING STOLEN PROPERTY, TOTALLY DEVOID OF RELEVANT EVIDENCE NECESSARY TO SUPPORT THE CONVICTION.
We agree with appellant that the evidence was insufficient to support his conviction of receiving a stolen credit card, the crime with which he was charged. Therefore, we reverse.
 FACTUAL AND PROCEDURAL HISTORY
On June 6, 2000, appellant was indicted for theft and receiving stolen property. Specifically, the indictment charged that appellant knowingly and by deception obtained or exerted control over carpet and carpet padding, with the purpose to deprive the owner Regal Carpeting of said property or services and did receive, retain or dispose of [a] credit card, the property of Gary Zola, knowing or having reasonable cause to believe that it had been obtained through the commission of a theft offense. The case proceeded to trial on October 25, 2000.
At trial, the state presented the testimony of Police Officer Kimberly Calieham and Detective Michael Marotta of Bedford Heights and Springfield Township Detective Kenny Ray, as well as the testimony of Glenn Gould, a salesman for Regal Carpet, and Katherine Kraus, Regal's bookkeeper.
Gould testified that he received a telephone call early on the morning of January 11, 2000, from a man seeking to purchase a couple hundred yards of carpeting that he needed right away. The caller gave Gould a credit card number, name and address, and Gould processed the credit card transaction. The name given was Gary Zola, and the address given was on Lee Road. The caller also gave Gould a telephone number.
Approximately an hour later, a gentleman came to pick up the carpet. He was driving a beat-up truck and it had a weird kind of grate sticking up on the back. Gould wrote down the license number of the truck. Gould described the person as an older black gentleman, short, gray hair, with a little bit of a beard and glasses. Several months later, he spoke with a police detective and gave him a description of the man and the license number on the truck. The police returned with photographs, from which Gould identified the appellant. On cross-examination, Gould conceded that, to his knowledge, there were no receipts indicating the carpet was picked up.
The bookkeeper, Ms. Kraus, testified that she was notified by letter from a merchant company that the credit card used by the purchaser was stolen and the attempted charge on that account would be charged back to her employer. She spoke with Officer Calieham, who took a statement from her.
Officer Calieham testified that she spoke with both Ms. Kraus and Mr. Gould. Gould gave Calieham a description of the person who picked up the carpet, as well as a description of the truck and the license plate number. Both Kraus and Gould told Officer Calieham that the purchaser identified himself as Gary Zola of Zola Enterprises. Gould described him as a [b]lack male, mid-50's, 5-6 to 5-8, with a pot belly, kind of heavyset. He described the vehicle as an older model pickup truck with a wood and metal rack in the back. Calieham prepared a report and submitted it to the detective bureau.
Detective Marotta testified that he investigated the incident described in Officer Calieham's report. He ascertained that the truck was registered to a Rosalyn Goldsmith but was previously registered to appellant. He found a telephone number for appellant and asked him to come to the police station. Appellant told Detective Marotta that the truck belonged to him and was used in his construction business, but it was registered in his daughter's name. Appellant denied that he had ever been to Regal Carpet. He signed the following statement at the police station that day, April 6, 2000:
 I have possession of a `88 Chevy truck. I have never been to or picked up carpet from Regal Carpet. I never given [sic] anyone permission to drive this truck. I have never purchase [sic] carpet from Regal Carpet in no other person [sic] name.
Detective Marotta prepared a photo array which included appellant's photograph. He showed it to Gould, who identified appellant as the individual who picked up the carpeting.
Marotta also investigated Gary Zola, whom he determined was from the Cincinnati area. Marotta learned that Zola was in possession of his credit card but was informed by his credit card company that purchases had been made using the number only. Marotta also learned that Zola had been in the Cleveland area around January 11, 2000.
Springfield Township Detective Ray testified that on January 27, 2000, he arrested three men who had purchased furniture with a stolen credit card and picked it up with two pickup trucks. One of these trucks was registered to appellant's daughter. One of the arrestees told police that he worked for Goldsmith Construction.
At the close of the state's case, appellant moved for a directed verdict on both charges. The court overruled the motion. The defense presented the testimony of appellant and his wife, as well as the receptionist at a medical clinic and the records custodian at a local hospital.
On October 30, 2000, the jury returned a verdict finding appellant guilty of receiving stolen property but not guilty of theft. On December 14, 2000, the court sentenced appellant to eight months of community control on the condition that he verify his employment and perform forty hours of community service. He was also ordered to pay costs and a $50 probation fee.
 LAW AND ANALYSIS
Appellant argues that the evidence was insufficient to sustain his conviction. The sufficiency of the evidence is a question of law. In assessing the sufficiency of the evidence, we must consider whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime were proven beyond a reasonable doubt. State v. Dennis (1997),79 Ohio St.3d 421, 430; State v. Thompkins (1997), 78 Ohio St.3d 380,386.
Appellant was charged with receiving stolen property, a credit card, in violation of R.C. 2913.51. Receiving stolen property is statutorily defined as follows:
 (A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through the commission of a theft offense.
Under R.C. 2913.71(A), a violation of R.C. 2913.51 is a felony of the fifth degree if the property involved is a credit card.
Viewing the evidence in the light most favorable to the state, the testimony that appellant was the person who picked up the carpeting provided some circumstantial evidence that appellant was the person who placed the telephone order using the credit card number. However, there was no evidence appellant knew or had reasonable cause to believe the credit card number was stolen. While one might conceivably infer such knowledge from the caller's use of the cardholder's name in placing the order, there is no evidence that the cardholder did not authorize the use of his credit card number for this purchase. The merchant company's notification to Regal Carpet that the card was stolen and that it intended to charge the purchase back to Regal is not enough. The merchant company was not the card holder; there was no evidence as to the factual basis for its assertion that the card was stolen.
We find insufficient evidence to support appellant's conviction for receiving stolen property. Accordingly, we reverse his conviction and remand with instructions for the common pleas court to discharge appellant.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J. and JAMES J. SWEENEY, J. CONCUR